IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVA PEREZ, on behalf of plaintiff and the class members defined herein, ) ) ) | |
| Plaintiff, ) ) | Case No. 24 C 3180 |
| v. ) ) | Judge Robert W. Gettleman |
| CONSUMER FINANCIAL SERVICES, CORPORATION, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Eva Perez, on behalf of herself and the class members defined in the complaint, brings the instant class action complaint against defendant Consumer Financial Services, Corporation ("CFS"), alleging improper credit practices. Count I alleges violations of § 1638 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, and its implementing regulation, Regulation Z, 12 C.F.R. § 1026.18; Count II alleges violations of the Illinois Consumer Installment Loan Act ("CILA"), 205 ILCS 670/1; and Count III alleges unfair and deceptive acts and practices in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2. Plaintiff filed her complaint in Illinois state court, and defendant removed the action to federal court on April 19, 2024. On April 25, 2024, plaintiff moved for remand to the Circuit Court of Cook County, and to award her attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c) (Doc. 7). For the reasons discussed below, the court denies plaintiff's motion to remand, and for attorney's fees.

## BACKGROUND

According to the factual allegations in plaintiff's complaint, defendant extends credit to

consumers.  Plaintiff states that she entered a loan transaction with defendant for personal, family, or household purposes, which gave defendant a security interest in an automobile.  In connection with the transaction, plaintiff alleges that she signed or received: a promissory note and security agreement; a wage assignment; an application for a "car club membership"; a TILA disclosure statement, which disclosed an annual percentage rate ("APR") of 21.988%; and a personal property security list.  Plaintiff alleges that she was "specifically told" that purchasing a car club membership was required as a condition for the extension of credit.  She alleges that defendant included the $120 premium for the membership in the amount financed.

According to plaintiff, it is defendant's standard practice to require the purchase of a car club membership to include that premium "in the amount financed and not in the finance charge."  Plaintiff claims that the car club membership meets the definition of a contract of insurance under Illinois law, "notwithstanding the statements in the application that it is not insurance," because it "involves insurance against the loss of the automobile, and against liability arising out of the ownership or use of the automobile."

However, plaintiff alleges that defendant "did not disclose that the car club membership could be obtained from a person of the consumer's choice."  She claims that the price of the membership was an undisclosed finance charge.  According to plaintiff, because the membership price was a finance charge, it changed the APR calculation.  Thus, plaintiff claims that defendant understated the finance charge by $120, and the APR by "about 7%."  Plaintiff alleges that the "true annual percentage rate was approximately 29.95%," and on information and belief, the "loss ratio" of the membership is "very low, such that it would not be approved as insurance."

Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(a), and asserts that this court has jurisdiction over plaintiff's claims pursuant to its federal question jurisdiction,

28 U.S.C. § 1331, because Count I asserts a violation of a federal statue (the TILA). Defendant asserts that this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over plaintiff's state law claims in Counts II and III. Yet, plaintiff moves to remand the complaint for lack of standing under Article III of the United States Constitution. Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1447(c), which permits attorney's fees where the removing party lacks an "objectively reasonable basis for seeking removal." PNC Bank, N.A. v. Spencer, 763 F.3d 650, 654 (7th Cir. 2014).

## DISCUSSION

The text of Article III of the United States Constitution limits the federal judicial power to the resolution of cases and controversies. To establish a case or controversy under Article III, the plaintiff must have a "personal stake" in the case, otherwise known as "standing." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021). The party invoking federal jurisdiction (in the instant case, defendant) bears the burden to demonstrate the plaintiff's standing based on the alleged harm. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The party must do so "with the manner and degree of evidence required at the successive stages of the litigation." Id. At this stage, the court accepts plaintiff's allegations as true. See Robertson v. Allied Solutions, LLC, 902 F.3d 690, 695 (7th Cir. 2018).

In the instant motion, plaintiff argues that defendant's removal petition does not contain a "short and plain statement of the grounds for removal," as required by 28 U.S.C. § 1446, because the removal petition: does not state facts demonstrating an injury sufficient to confer standing; does not mention standing; and does not explain how a claim for statutory damages satisfies Article III. According to plaintiff, "jurisdiction is doubtful," and "[d]oubt should be resolved in favor of remand to the state court." See Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 758

(7th Cir. 2009).

To have standing, a plaintiff must have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant, and likely to be redressed by a favorable judicial decision. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). An injury in fact is an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. Id. at 339. A plaintiff must have standing for each asserted claim and for each form of relief that they seek (e.g., for injunctive relief and damages). See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208 (2021).

According to plaintiff, claims for statutory damages under federal statutes do not necessarily give rise to standing. Plaintiff cites TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), and Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), to support her argument. According to plaintiff, because she seeks statutory, not actual, damages in Count I,[1] she has not alleged a harm that "has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts," such as physical harm, monetary harm, or intangible harms including reputational harm. TransUnion, 141 S. Ct. at 2204. The Supreme Court has determined that a "bare procedural violation, divorced from any concrete harm," is insufficient to establish standing. Spokeo, 578 U.S. at 341.

Plaintiff argues that she has not suffered a concrete injury because defendant merely provided her (the consumer) with inaccurate information, even if the misinformation allegedly violated the TILA. See Pierre v. Midland Credit Mgmt., 29 F.4th 934, 939 (7th Cir. 2022). Plaintiff emphasizes that a consumer's confusion is not sufficient to establish an injury. Id. Rather, a plaintiff must act on such misleading or inaccurate information to her detriment to

---

[1] Plaintiff seeks statutory damages, attorney's fees, litigation expenses, costs, and "[s]uch other and further relief as the Court deems proper," in connection with her TILA claim in Count I.

establish a sufficient injury under Article III. Id. For example, the consumer may have paid something that she did not owe because she was misled. Id. See also Brunnett v. Convergent Outsourcing, Inc., 982 F.3d 1067, 1068–69 (7th Cir. 2020).

Defendant counters that plaintiff mischaracterizes her pleading and fails to adequately represent the case law governing this issue. Defendant argues that a plaintiff has alleged an "informational injury," or a harm resulting from a defendant withholding information that a statute requires to be published. See Robertson v. Allied Solutions, LLC, 902 F.3d 690, 694 (7th Cir. 2018). Informational injuries are sufficiently concrete to establish standing in federal court when the plaintiff alleges that the undisclosed or concealed information impaired her ability to use that information for a substantive purpose that the statute envisioned. Id.

According to defendant, the complaint alleges that defendant violated the TILA by failing to disclose required information. Specifically, defendant maintains that plaintiff alleges that defendant failed to disclose that the membership was included as a finance charge, not in the amount financed. Moreover, plaintiff alleges that defendant failed to inform her that she could purchase the membership from the person of her choice. The Seventh Circuit has determined that a defendant's violation of a statutory duty to disclose may establish a concrete injury when the violation leads to the "deprivation of an opportunity for the plaintiff, even if futile as a practical matter." Crabtree v. Experian Information Solutions, Inc., 948 F.3d 872, 878 (7th Cir. 2020) (internal quotations omitted). Defendant argues that the complaint alleges that defendant's nondisclosure denied plaintiff the opportunity to purchase the membership elsewhere, "which, presumably, would have saved [plaintiff] money" by avoiding the alleged finance charge.

The court agrees with defendant that plaintiff mischaracterizes her pleading and relevant case law. It is true, as plaintiff argues, that the Supreme Court has rejected the argument that a

plaintiff "automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Spokeo, 578 U.S. at 341.  A plaintiff must establish a concrete harm from a defendant's statutory violation to satisfy standing.  Id.  See also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2207 (2021) ("[I]f the law of Article III did not require plaintiffs to demonstrate a 'concrete harm,' Congress could authorize virtually any citizen to bring a statutory damages suit against virtually any defendant who violated virtually any federal law.").  However, a plaintiff does not fail to establish standing merely because the plaintiff requests statutory damages without requesting actual damages.  Plaintiff's standing depends on the alleged injury that she suffered, not the remedy that she seeks.

Moreover, while plaintiff seeks statutory, not actual damages, in Count I, she seeks actual damages in Counts II and III for the same alleged conduct by defendant.[2]  Plaintiff proceeds under different statutes in each count, but her underlying alleged injury is the same in all counts: that the price of the car club membership was allegedly included in the amount financed rather than the finance charge, resulting in a higher APR than disclosed, and that plaintiff was not informed that she could purchase the membership from a third party.  It is not clear why plaintiff believes that her harm led to actual damages in Counts II and III but not in Count I.[3]  Regardless, the court evaluates whether plaintiff has alleged an actual injury beyond defendant's alleged statutory violations, in the form of a concrete harm or appreciable risk of harm.  See Collier v. SP Plus Corp., 889 F.3d 894, 898 (7th Cir. 2018) ("A mere reference to 'actual damages' in the

---

[2] Plaintiff seeks "appropriate" damages and "compensatory" damages, respectively.
[3] For example, it is possible that plaintiff seeks statutory damages because she anticipates that it might be difficult to prove actual damages.  See Lopez v. Delta Funding Corp., No. CV 98-7204 MDG, 2004 WL 7196763, at *22 (E.D.N.Y. Aug. 9, 2004) (noting that because the TILA is "essentially [a] disclosure statute[ ], a plaintiff seeking actual damages will have difficulty establishing a causal connection between inaccurate disclosure and his injury by demonstrating that he relied on the inaccurate disclosure and thereby was effectively prevented from obtaining better credit terms elsewhere") (internal quotations omitted).

complaint's prayer for relief does not establish Article III standing.").

The Seventh Circuit's reasoning in Casillas v. Madison Ave. Assocs., Inc., 926 F.3d 329 (7th Cir. 2019), is instructive in this analysis. In Casillas, the plaintiff complained that the defendant sent her an incomplete debt-collection letter that omitted to specify that she needed to communicate in writing to trigger statutory protections in the Fair Debt Collection Practices Act. Id. at 332. That being said, the plaintiff did not allege that she tried to exercise her statutory rights, or that she would have tried to do so if the letter was complete. Id. The court held that the plaintiff did not allege a concrete harm or risk of harm. Id. at 334. It reasoned that "[s]he complained only that her notice was missing some information that she did not suggest that she would ever have used," making the incomplete notice a bare procedural violation and a risk of harm "entirely counterfactual." Id.

In the instant case, plaintiff has alleged that defendant failed to inform her that the car club membership was part of the finance charge, increasing the APR. Viewing the factual allegations in plaintiff's favor, it reasonable to infer that an understated APR resulted in a higher cost of credit than plaintiff anticipated. Yet, plaintiff does not allege that she paid more for her loan with defendant than she would have paid with a different creditor. Plaintiff does not allege that she would not have entered the loan transaction with defendant if defendant accurately disclosed the finance charge and APR. Plaintiff also does not allege that she would have obtained the car club membership from a third party if she knew that she had the option to do so, or that doing so would have been cheaper.

Instead, plaintiff argues that her complaint demonstrates that she was "confused" about the loan. Her complaint does not contain that allegation. Rather, viewing the allegations in plaintiff's favor, her complaint alleges that defendant's nondisclosure denied her the opportunity

to use that information to accurately evaluate the cost of credit with defendant based on its APR. In other words, defendant's alleged nondisclosure thwarted a "substantive purpose that the statute envisioned."[4] Plaintiff does not explicitly spell out how defendant's alleged nondisclosure impacted every aspect of her behavior as a consumer (i.e., whether she would have entered into the transaction, or whether she would have explored other avenues of insurance prior to entering into the transaction), but she does allege that she would have evaluated the loan differently. See e.g., Prayitno v. Nextep Funding LLC, No. 17 C 4310, 2020 WL 3414955, *3–4 (N.D. Ill. Jun. 22, 2020). Thus, plaintiff has plausibly pleaded an informational injury that is sufficiently concrete to establish standing in federal court. The court therefore denies plaintiff's motion to remand and for attorney's fees pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons stated above, the court denies plaintiff's motion to remand and for attorney's fees (Doc. 7).

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: June 10, 2024**

---

[4] According to 15 U.S.C. § 1601(a), the TILA aims to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."