IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVA PEREZ, on behalf of plaintiff and the class members defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 24 C 3180 |
| v. | ) ) | Judge Robert W. Gettleman |
| CONSUMER FINANCIAL SERVICES, CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION & ORDER</u>

Plaintiff Eva Perez, on behalf of herself and the class members defined in the complaint, brings this amended class action complaint against defendant Consumer Financial Services, Corporation, alleging improper credit practices. Count I alleges violations of § 1638 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, and its implementing regulation, Regulation Z, 12 C.F.R. § 1026.18; Count II alleges violations of the Illinois Consumer Installment Loan Act ("CILA"), 205 ILCS 670/1; and Count III alleges unfair and deceptive acts and practices in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2.

Plaintiff filed her complaint in Illinois state court, and defendant removed the action to federal court on April 19, 2024. On June 10, 2024, the court denied plaintiff's motion for remand. On July 2, 2024, defendant moved to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 14). The court denied that motion in August 2024 (Doc. 18)[1]. Plaintiff then filed an amended complaint, which defendant

---

[1] <u>Perez v. Consumer Fin. Servs., Corp.</u>, No. 24 C 3180, 2024 WL 3888866 (N.D. Ill. Aug. 21, 2024).

1

now moves to dismiss (Doc. 112) under Rule 12(b)(6). Defendant also moves to strike the class allegations from the amended complaint (Doc.113). For the reasons below, both of defendant's motions are denied.

## BACKGROUND

This is a case about lending practices. The court, having already issued two opinions in this case, will briefly revisit the factual background which is discussed in more detail in those prior opinions.[2]

Plaintiff alleges that she entered a loan transaction with defendant, which gave defendant a security interest in an automobile. In connection with the transaction, plaintiff alleges that she was required to purchase a "car club membership." According to plaintiff, the car club membership provides various automobile related benefits like roadside assistance, coverage for the costs of automobile related criminal charges; and a reward for the recovery of a stolen automobile. Plaintiff claims that the car club membership qualifies as "insurance." According to plaintiff, the price of the membership was an undisclosed finance charge. Subject to an exception, the TILA 's implementing regulation prohibits lenders from excluding insurance premiums from finance charges. See 12 C.F.R. §1026.4(d)(2). Plaintiff claims that by excluding the cost of the car club membership, defendant understated the finance charge by $120, and the APR by "about 7%." Plaintiff brings this suit on behalf of herself and putative class members who were similarly required to purchase car club memberships that were not disclosed as finance charges.

---

[2] Perez v. Consumer Fin. Servs., Corp., No. 24 C 3180, 2024 WL 3888866 (N.D. Ill. Aug. 21, 2024); Perez v. Consumer Fin. Servs., Corp., No. 24 C 3180, 2024 WL 2892839 (N.D. Ill. June 10, 2024).

## DISCUSSION

### A. Motion to dismiss

Motions to dismiss under Rule 12(b)(6) are governed by the familiar standards. "To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Fed. R. Civ. Pro. 12(b)(6). For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As always, when evaluating a motion to dismiss, "the court must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

The motion to dismiss the first amended complaint ("FAC") covers many of the same issues as the motion to dismiss the original complaint. In the interests of efficiency, the court will limit its discussion of issues that it already decided in its opinion denying the first motion to dismiss.

The primary difference between the original complaint and the FAC is the removal of plaintiff's allegation that she was "specifically told that the car club membership was a condition for the extension of credit." According to defendant, this alteration makes all the difference in the world. Perhaps that could prove true on a motion for summary judgment after the parties have developed a factual record. But here, at the pleading stage, where the court must accept the truth of plaintiff's factual allegations, it is a distinction without much of a difference. The FAC alleges that "[a]s part of this transaction, Ms. Perez was required to purchase a car club membership." According to the FAC, plaintiff believes that the purchase of the car club

3

membership was mandatory based on the nature of the pre-printed documents presented to her and the way it was explained. Thus, despite the change in the details behind the allegation, the court still accepts plaintiff's allegation that purchase of the car club membership was mandatory.[3] Having settled this issue, the court now turns to defendant's arguments in favor of dismissal.

Defendant argues that the exclusion of the car club membership from the finance charge did not violate the TILA because "the car club membership is not property insurance under Illinois law." This is essentially the same argument that this court denied in its opinion on the previous motion to dismiss. In that opinion, the court ruled that plaintiff had "plausibly alleged that the auto club membership is 'insurance' under Illinois law." Perez, 2024 WL 3888866, at *3; see also Homeward Bound Servs., Inc. v. Illinois Dep't of Ins., 848 N.E.2d 589, 592 (Ill. App. 3d 2006). The court has no reason to depart from that ruling here.

While the court stands by its earlier determination that plaintiff plausibly alleges that the car club membership is insurance under Illinois law, the court also observes that the requirements of Regulation Z—the federal regulation implementing the TILA that plaintiff alleges defendant violated—make no reference to state law definitions of "insurance." So, even if defendant were correct that plaintiff failed to plausibly allege the car club membership was insurance under Illinois law, defendant has not shown the relevance of that conclusion to the applicability of Regulation Z. Thus, the court declines to address defendant's attacks on the case law cited in the FAC supporting the allegation that the car club membership is insurance. In

---

[3] The court ignores defendant's references to the deposition because consideration of a deposition is not appropriate at the Rule 12(b)(6) stage. See Fed. R. Civ. P. 12(d); Jacobs v. City of Chicago, 215 F.3d 758, 766 (7th Cir. 2000) (holding that a "district court was obligated to either not consider the extraneous submissions in ruling on the motion or to convert the motion to one for summary judgment").

addition, the court reminds defendant that a complaint is not required to cite case law whatsoever to support its allegations. ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L., P.C., 826 F.3d 976, 981 (7th Cir. 2016) (explaining that "[c]omplaints plead *claims*, which is to say grievances….complaints need not cite authority or set out a line of legal argument").

Defendant's next argument is that even if the car club membership is insurance, defendant satisfied the conditions of an exclusion specified in 12 CFR § 1026.4(d)(2). This is a new argument that the court did not address in its previous ruling on the original motion to dismiss. Defendant correctly argues that property insurance premiums may be excluded from the TILA disclosure requirements if: (1) the consumer is informed that the insurance coverage may be obtained from a person of the consumer's choice; and for insurance obtained through the creditor, (2) the consumer is notified of the amount of the premium; and (3) the term of the insurance. Lifanda v. Elmhurst Dodge, Inc., 237 F.3d 803, 805 (7th Cir. 2001). Defendant argues that all these conditions were met. Plaintiff, to severely summarize, argues that these conditions were not met.

The court agrees with plaintiff. The court's previous determination that the FAC plausibly alleges that purchase of the car club membership was a mandatory condition forecloses defendant's argument that plaintiff was informed that the insurance coverage could be obtained from a person of her choice. Because plaintiff plausibly alleges that the purchase of the car club membership from defendant was mandatory, then plaintiff—at least based on the story told in the pleadings which the court must credit here—was not informed that the insurance coverage could be obtained from a person of the consumer's choice.

Next, defendant argues that the court should dismiss the CILA and ICFA counts because

compliance with the TILA is a complete defense against violations of both of those statutes. By defendant's own terms, the success of this argument is wholly dependent on the success of its earlier argument that the court should dismiss the TILA claim. Because the court has determined that the TILA claim survives this motion to dismiss, so do the CILA and ICFA claims.

## B. Motion to Strike

Defendant moves to strike the class allegations from the FAC. The court will not do so, and defendant's motion strikes the court as excessively aggressive. Defendant urges the court to decide the question of class certification without the benefit of briefing or full discovery. Defendant then argues that plaintiff "committed perjury and, thus, is not an adequate class representative."

Defendant is correct that "the general rule [is] that motions to strike are disfavored." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). But there is another, more specific reason that the court denies defendant's motion to strike from the outset: it is premised on matters outside of the pleadings. Defendant's argument is centered upon a deposition transcript, a transcript that defendant contends is evidence that plaintiff committed perjury. But the court cannot consider matters outside of the pleadings on a motion to strike. "Even on a motion to strike class allegations, it is not appropriate for the Court to consider matters outside the pleadings." DuRocher v. Nat'l Collegiate Athletic Ass'n, No. 13-CV-01570, 2015 WL 1505675, at *1 (S.D. Ind. Mar. 31, 2015) (collecting cases); see also RSL Holding Co. v. Dresser Indus., Inc., No. 89 C 7004, 1991 WL 203864, at *1 (N.D. Ill. Oct. 1, 1991) (explaining that "the court notes that when deciding a motion to strike, the court must treat all well-pleaded facts as admitted and cannot consider matters outside the pleadings." (internal

6

quotation omitted)).

Consequently, the motion to strike is denied. In addition, the court denies plaintiff's motion to respond to a new argument raised by defendant for in its reply to the motion to strike (Doc. 118) as moot.

## CONCLUSION

For the above reasons, defendant's motion to dismiss the FAC (Doc. 112) is denied. Defendant's motion to strike (Doc. 113) the class allegations from the FAC is also denied. Plaintiff's motion to respond to a new argument raised by defendant in its reply to the motion to strike class allegations (Doc. 118) is denied as moot. The parties shall file a joint status report using this court's form by September 1, 2026. Defendant is directed to answer the FAC on or before August 28, 2026.

ENTER:

Robert W. Gettleman
**United States District Judge**

**DATE: July 31, 2026**